JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIALCOM, INC., dba AudienceX, a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SHANE TAYLOR, an individual, DAVID BURNS, an individual, VERSION TWO, LLC, a Nevada Corporation, and DOES 1 through 9,<br><br>　　　　Defendants. | Case No.: 2:20-CV-04538-AB-KS<br><br>**INJUNCTION AND JUDGMENT** |

THIS MATTER came before the Court on the parties' stipulation for entry of an injunction and final judgment. The Court has reviewed that stipulation, has reviewed the file in this case, and is otherwise fully advised in the premises. Accordingly, it is thereupon

ORDERED, ADJUDGED and DECREED that:

A.  In order to protect the alleged trade secrets of Plaintiff Socialcom, Inc., d.b.a AudienceX ("AudienceX") that were the subject of the action under the Defend Trade Secrets Act, 18 U.S.C. §1836, *et seq.* and the California Uniform Trade Secrets Act, Cal. Civ. Code §3426 *et seq.*, Defendants Shane Taylor, David Burns and VersionTwo, LLC ("Defendants"), shall not solicit any of the customers mutually agreed upon by the parties, which are expressly identified within Exhibit 1 of the Parties' Confidential Settlement Agreement ("Confidential Settlement Agreement") for a period of two-years, commencing upon the date of this Order and ending two years thereafter.

B.  "Solicit" or "solicitation," as used herein, shall be as defined as the act of approaching or contacting, either directly or indirectly (such as through the use of an intermediary), an individual or entity in order to seek the business of such individual or entity.  An announcement or notice by Defendants of the formation of, or their association with, VersionTwo LLC shall not be considered solicitation.  Nor shall a response by Defendants to inquiry or contact from an individual or entity, or discussions following such inquiry or contact, be considered solicitation.

C.  This injunction is binding on the parties to this action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with the parties who receive actual notice of this injunction.

D.  Other than as provided herein, the claims by and between the parties made in this action are hereby dismissed, with prejudice, with each party to bear its or his own attorneys' fees and costs.  This Court, however, will retain jurisdiction to enforce the terms of this injunction.

E.  This injunction shall dissolve by its own terms as of 12:00 a.m. on the date two years after the date indicated below and shall have no further force or effect thereafter.

Dated: July 28, 2020

_____
Hon. André Birotte Jr.
United States District Judge